UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TIMOTHY V. BOWLING ) | |
| ) | |
| v. ) | NO. 2:05-CV-313 |
| ) | |
| MYRTLE RUNION, CAPT. FINLEY, ) | |
| LIEUT. LOWE, LIEUT. MINTHORN, ) | |
| SGT. EDENS, C/O HALL, and the ) | |
| WASHINGTON COUNTY ) | |
| DETENTION CENTER ) | |

**MEMORANDUM and ORDER**

This is a *pro se* civil rights complaint, 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*, filed by a prisoner in the Washington County Detention Center (WCDC). Under 28 U.S.C. § 1915(g), a prisoner is prohibited from initiating a civil rights action if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.*

The plaintiff, while incarcerated, has filed at least three prior civil rights actions in this judicial district, all of which have been dismissed either for failure to state a claim or as frivolous. *See Bowling v. Washington Co. Jail*, Civil Action No. 2:93-CV-519 (E.D. Tenn. Mar. 30, 1994) (dismissed for failure to state a claim); *Bowling v. Price*, Civil Action No. 2:94-CV-416 (E.D. Tenn. Oct. 31, 1994) (dismissed as frivolous); and *Bowling v. Monroe*, Civil Action No. 3:95-CV-686 (E.D. Tenn. Dec. 7, 1995) (dismissed as frivolous). Indeed,

the Court has already found him to be subject to the "3-strikes" rule.[1] *Bowling v. Tennessee Dep't of Corr.*, No. 2:98-cv-118 (E.D.Tenn. Apr. 9, 1998).

There is nothing in the complaint to indicate that the plaintiff is alleging imminent danger of serious physical injury. Accordingly, because the "3-strikes" provision applies to the plaintiff,[2] his application to proceed *in forma pauperis* is **DENIED**. Because the plaintiff did not prepay the filing fee, the action will be **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

However, if the 3-strikes rule does not apply to this former prisoner, his case would be dismissed for another reason. The complaint alleges that, on many occasions, the plaintiff was subjected to racial discrimination at the WCDC. To correct this situation, he would have the Court intervene to stop the claimed wrongful discriminatory acts and practices of the staff at the WCDC.

It is clear, nevertheless, that the plaintiff would derive no benefit from the granting of injunctive relief from the alleged illegal conditions at the WCDC since he is no longer housed there. Thus, his claims for injunctive relief from the alleged unlawful discrimination

---

[1] According to the docket sheet, the plaintiff's current address is a free world address, which implies that he has been released from confinement. Regardless of the plaintiff's current status, the 3-strikes rule in § 1915(g) was triggered the moment he brought this complaint because, at that point in time, he was a prisoner.

[2] According to the docket sheet, the plaintiff's current address is a free world address, which implies that he has been released from confinement. Regardless of the plaintiff's current status, the 3-strikes rule in § 1915(g) was triggered the moment he brought this complaint because, at that point in time, he was a prisoner.

2

at the WCDC have become moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). Since the only type of relief sought in his complaint involves injunctive relief, dismissal is appropriate on the basis of mootness as well.

    An appropriate order will enter.

    **IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan  
United States District Judge
